# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DENIS MATHEWS,      2020-184802-NO

    Plaintiff,      Case No:    -NO

vs.      HON. JUDGE RAE LEE CHABOT

CAREMARK MICHIGAN SPECIALTY PHARMACY,
LLC, a Domestic Limited Liability Company, individually
and d/b/a CVS #8155

CAREMARK PHC, LLC, a Foreign Limited Liability Company,
individually and d/b/a CVS #8155

CVS PHARMACY, INC., a Foreign Profit
Corporation, individually and d/b/a CVS #8155

WOODWARD DETROIT CVS, LLC, a Domestic
Limited Liability Company, individually and d/b/a CVS #8155

CVS, individually

    Defendant.
_____/
LAW OFFICES OF KELMAN & FANTICH
BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
Attorneys for Plaintiff
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334
(248) 855-0100
_____/

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

FILED Received for Filing Oakland County Clerk 11/23/2020 3:26 PM

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil actions, nor between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is ether pending or was previously field and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

NOW COMES the above-named Plaintiff, DENIS MATHEWS, by and through his attorneys,

LAW OFFICES OF KELMAN & FANTICH, and files this Complaint against the Defendant, and

states as follows:

1. That Plaintiff is a resident of the City of Clinton Twp, County of Oakland, State of Michigan.

2. That Defendant CAREMARK MICHIGAN SPECIALTY PHARMACY, LLC, a Domestic Limited Liability Company, individually and d/b/a CVS #8155, is licensed and doing business as CVS located at 5529 Sashabaw Rd, City of Clarkston, County of Oakland, State of Michigan, with its Resident Agent The Corporation Company located at 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That Defendant CAREMARK PHC, LLC, a Foreign Limited Liability Company, individually and d/b/a CVS #8155, is licensed and doing business as CVS located at 5529 Sashabaw Rd, City of Clarkston, County of Oakland, State of Michigan, with its Resident Agent The Corporation Company located at 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

4. That Defendant CVS PHARMACY, INC., a Foreign Profit Corporation individually and d/b/a CVS #8155, is licensed and doing business as CVS located at 5529 Sashabaw Rd, City of Clarkston, County of Oakland, State of Michigan, with its Resident Agent The Corporation Company located at 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

5. That Defendant WOODWARD DETROIT CVS, LLC a Domestic Limited Liability Company individually and d/b/a CVS #8155, is licensed and doing business as CVS located at 5529 Sashabaw Rd, City of Clarkston, County of Oakland, State of Michigan, with its Resident Agent The Corporation Company located at 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

6. That Defendant, CVS, individually, is licensed and doing business located at 5529 Sashabaw Rd, City of Clarkston, County of Oakland, State of Michigan.

7. That the amount in controversy herein exceeds the sum of Twenty-Five Thousand

($25,000.00) Dollars exclusive of costs, interest and attorney fees.

8. That on or about December 1, 2017, the Plaintiff was a business invitee and while on said premises, suddenly and without warning, he slipped and fell on an unnatural accumulation of black ice on Defendant's premises due to Defendant's defective physical structure causing ice to form in an unnatural manner and causing Plaintiff to sustain serious and disabling injuries.

9. That Defendant is responsible for the active negligence of its employees under the doctrine of respondeat superior and is also liable for the injuries sustained by Plaintiff.

10. That Defendant under a separate and distinct duty owed to Plaintiff is responsible for the active negligence of its employees and is liable to Plaintiff for the injuries sustained to him.

11. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

12. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

13. That at the time, place and location aforesaid, it was the duty of the Defendant, by its agents and employees on its behalf, to exercise reasonable care in service activities, and to keep the environment in a reasonably safe condition for Plaintiff and other business invitees in accordance with the laws of the State of Michigan.

14. That at all times relevant to the within, the Defendant owed a duty to the Plaintiff to remain alert and safely perform its duties and were in a position to best control and prevent the happening of this occurrence.

15. That notwithstanding Defendant's obligations and in total disregard of said duties,

3

the Defendant breached the same by the following acts, including but not limited to:

a. Failing to properly secure the area in order to prevent Plaintiff from being injured on Defendant's premises. Permitting said dangerous situation to occur in an area where Plaintiff was located, although Defendant knew or, in the exercise of reasonable care and diligence, should have known of the potential hazards thereof;

b. Permitting a dangerous condition to exist on said premises and allowed and permitted said premises, to remain in an unsafe condition, although Defendant knew, or in the exercise of reasonable care and diligence, should have known it would injure Plaintiff;

c. Failing to properly train Defendant's employees and secure the area or, in the alternative, to give adequate notice or warning to Plaintiff and other persons lawfully on said premises of the hazards Defendant created although Defendant knew of or, in the exercise of reasonable care and diligence, should have known of the dangers inherent to its actions;

d. Failing to keep the area where invitees/tenants would walk in a condition fit for its intended and foreseeable use.

e. Failing to inspect and maintain the physical structures on Defendant's premises which were defective and in turn caused Plaintiff to slip and fall.

16. That in the happening of the incident complained of herein, Plaintiff was not guilty of negligence or comparative negligence but that, as a direct and proximate result of the negligence, gross negligence, and carelessness of the Defendant by and through its agents and/or employees, Plaintiff suffered severe personal injuries as follows:

a. Fractured left ankle resulting in nerve damage and requiring surgery and placement of hardware; permanent scarring; diminished extension, flexion, and range of motion; altered gait, permanent limp, inability to ambulate; injuries to his head, neck, and back; injuries to his upper and lower extremities, decrease in gross and find motor skills, severe shock, as well as physical pain and suffering, bleeding and permanent scarring;

b. The requirement of months of intense therapy, which injury is permanent in nature;

c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss

is permanent;

f. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

g. Severe, frequent and persistent pain which is of a continuing and permanent nature.

17. That Defendants under a separate and distinct duty owed to Plaintiff Defendant's negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to sustain serious and disabling injuries.

18. That Defendants under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

19. The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

20. That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff's severe injuries to his detriment.

21. That in the event that Plaintiff was suffering from any other medical and/or emotional condition then, in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICES OF KELMAN & FANTICH

BRIAN L. FANTICH (P60935)
Attorney for Plaintiff

DATED: November 23, 2020

5